Dear James Brochin
You have asked for our opinion whether the State Board of Morticians ("Board") may approve the transfer of an existing mortician license from a sole proprietor to a limited liability company ("LLC") established and managed by that proprietor and in which that proprietor is the sole member. You note that, while a provision of the Maryland Morticians Act explicitly limits the operation of funeral homes by corporations, it is silent with respect to LLCs.
The Maryland Morticians Act authorizes the Board to issue specific types of licenses to individuals and certain corporate entities. However, under the Act, none of those licenses could be granted to an LLC. Nor does the Act authorize an unlicensed LLC to conduct a mortuary science business, even if it were owned by, and employed, licensed morticians. Thus, in our opinion, the Board may not approve the transfer of an existing mortician license from a sole proprietor to an LLC. We recognize that reasonable policy arguments may be made in favor of expanding the range of entities that may be licensed to operate funeral homes; however, those arguments must be made to the General Assembly.
 I Background
A. Maryland Morticians Act
The Maryland Morticians Act ("Morticians Act") is codified at Annotated Code of Maryland, Health Occupations Article ("HO"), § 7-101et seq. Under that law, the State Board of Morticians *Page 110 
regulates the practice of mortuary science and funeral direction and related activities.[1]
The Morticians Act prohibits the practice of mortuary science without a license issued by the Board. HO § 7-501. The Act authorizes the Board to issue several types of licenses. Most pertinent to your question, the Board may issue a mortician license, authorizing the practice of mortuary science, to an individual who satisfies the educational, examination, and other requirements established by the Board.See HO §§ 7-301 through 7-305. The Act also authorizes the Board to issue several other types of licenses to individuals for limited purposes.[2]
The Morticians Act also provides for a "corporation license" that authorizes a corporation to operate a mortuary science business if the practice of mortuary science is conducted by licensed individuals. HO § 7-309. However, the availability of a corporation license is very limited. The Act defines "corporation" to mean only a mortuary science business that has been incorporated since at least June 1, 1945, among other things. HO § 7-101(e)(1). Moreover, a license is only available to such a corporation if, among other things, it held a license on June 1, 1945 and has continuously renewed it since that time. HO § 7-309(b). Otherwise, "a corporation may not operate a mortuary science business and the Board may not issue a *Page 111 
license to or list any corporation as licensed to operate a mortuary science business." HO § 7-309(a). Thus, the "corporation license" essentially is a grandfather provision that allows corporations that operated funeral homes 60 years ago to continue in business. This restriction on corporate licenses was enacted in 1937, and was subject to a limited suspension during World War II. Chapter 503, Laws of Maryland 1937; see also Brooks v. State Board of Funeral Directors andEmbalmers, 233 Md. 98, 102, 113-14, 195 A.2d 728 (1963) (upholding restriction on corporation licenses against constitutional challenge). The restriction apparently arose out of a concern that corporate licensees were performing services through unlicensed individuals.See Letter of Eric W. March, President, State Board of Morticians to Delegate John D. Jeffries (February 12, 1992). We understand that 58 corporations currently hold these licenses. See Fiscal and Policy Note for Senate Bill 340 (February 3, 2005).
Finally, the Act also provides for "funeral establishments" —i.e., the premises from which funeral directing or embalming is conducted — to be licensed with the proviso that an establishment must be owned and operated by at least one licensed mortician, licensed funeral director, or the holder of a surviving spouse or corporation license. HO §§ 7-101(h), 7-310.
The Act explicitly authorizes a licensed mortician to practice in the form of a "professional association" and multiple licensed morticians to practice as a partnership, but does not require a separate license for the business entity. HO §§ 7-401, 7-402. A "professional association" is simply another name for a professional corporation. Annotated Code of Maryland, Corporations and Associations Article ("CA"), § 1-502(f)(iii).[3] The Act does not address the practice of mortuary science through an LLC.
B. Limited Liability Companies
A limited liability company is a form of business organization that has characteristics of both a partnership and a corporation. While a partnership is owned by its partners and a corporation is owned by its shareholders, an LLC is owned by its "members." See *Page 112 
CA § 4A-601 et seq. An LLC may be treated as a partnership for federal tax purposes, and, like a partnership, allows flexibility in organizing and managing the entity. However, unlike a general partnership, it offers its members the same shield of limited liability enjoyed by the shareholders in a corporation. See 86 Opinions of the AttorneyGeneral 193, 204 (2001); 84 Opinions of the Attorney General 181, 182-83 (1999).
The General Assembly adopted the Maryland Limited Liability Company Act ("LLC Act") in 1992. Chapter 536, Laws of Maryland 1992,codified as amended at CA § 4A-101 et seq. The LLC Act confers certain general powers on all Maryland LLCs, unless otherwise provided by law or the LLC's articles of organization. CA § 4A-203. Among those powers is the ability to "render professional services within or without [Maryland]." CA § 4A-203(10). "Professional service" is defined in the LLC Act to mean "a service that may lawfully be rendered only by a person licensed or otherwise authorized by a licensing unit in the State to render the service and that may not lawfully be rendered by a corporation under the Maryland General Corporation Law." CA § 4A-101(p)(1) (incorporating CA § 5-101 by reference). The statute also lists a number of professions that provide services covered by the definition, including many professions licensed under the Health Occupations Article, but not including morticians. CA § 4A-101(p)(2)(iv), (v), (vi), (vii), (viii), (x) (chiropractor, dentist, osteopath, physician, podiatrist, psychologist).
 II Analysis
You ask whether the Morticians Board may approve the transfer of a mortician license from a sole proprietor to an LLC which the sole proprietor plans to manage and of which the sole proprietor is the only member. The short answer is that an LLC itself may not hold a mortician license. In requiring that an applicant meet various educational and experience requirements,[4] the statute contemplates that a mortician license will be held only by an individual. Cf. 81 Opinions of theAttorney General 74 (1996) *Page 113 
(because only an individual may be licensed as a dentist, corporation may not be licensed by Dental Board). Moreover, the Morticians Act has no provision for the licensing of business entities other than certain grandfathered corporations. There is simply no basis in the statute for granting a mortician license to an LLC.[5]
If we understand the thrust of your inquiry, it raises the related question of whether a properly licensed mortician may conduct his or her business through an entity organized as an LLC. Even when the General Assembly has restricted the practice of a profession or occupation to licensed individuals, it has permitted, in some instances, for unlicensed entities to provide the services of that profession or occupation through the employment of licensed individuals. See Dvorinev. Castleburg Jewelry Corp., 170 M d. 661, 185 A.2d 562 (1936) (corporation may provide optometry services through employment of licensed optometrists); 85 Opinions of the Attorney General 238 (2000) (business entity owned by unlicensed individuals may provide physical therapy services by contracting with licensed physical therapists). As the Court of Appeals framed the issue in Dvorine, the question is "not whether the Legislature may prohibit [an entity] from furnishing service in a regulated employment through the agency of others, but whether it has done so in this statute." 170 Md. at 673. In addition, it might be argued that the Maryland LLC Act, in authorizing LLCs to render professional services, itself provides a basis for the organization of a mortuary science business as an LLC.
Nonetheless, we believe that the General Assembly has not authorized the operation of a mortuary science business by an LLC, even if the LLC's sole member is a licensed mortician. We reach this conclusion for several reasons.
First, the Morticians Act clearly authorizes a licensed mortician to conduct business through a professional corporation or a partnership formed with other licensed individuals. HO §§ 7-401, 7-402. A licensed mortician also may work for a corporation other than a professional corporation if that corporation is one of the corporations that was grandfathered 60 years ago and remains licensed under the Act. HO § 7-309. By contrast, there is no explicit *Page 114 
authorization for a licensed mortician to operate his or her business through an LLC. Given that the statute expressly treats and authorizes, to some extent, the operation of a mortuary science business through partnerships, professional corporations, and other corporations, the absence of any reference to LLCs strongly suggests that the Legislature has not authorized the operation of a mortuary science business through an LLC.
A decision not to permit the operation of a mortuary science business through an LLC is consistent with the line that the Legislature has otherwise drawn in the Morticians Act — to ensure that any entity providing mortuary science services, other than a grandfathered corporation, is owned and controlled by licensed individuals.[6] The partnerships and professional corporations authorized in the Morticians Act to conduct such businesses are necessarily owned and controlled by licensed morticians. In particular, the authorization for partnerships extends only to partnerships of licensed morticians. HO § 7-401(a). Similarly, the shareholders of a professional corporation or association must all be "qualified persons" — essentially, either individuals licensed to provide the services or partnerships or other professional corporations owned by such individuals. CA § 5-109. Thus, a professional corporation that operates a mortuary science business would necessarily be owned and controlled by licensed morticians.[7] There is no similar restriction on membership in an LLC, even if the LLC is involved in providing professional services.[8]
This conclusion is also confirmed by General Assembly's rejection, in two recent sessions, of attempts to amend the Morticians Act to authorize licensure of LLCs. See House Bill 956 (2003) (amending HO § 7-309 to allow licensing of LLCs to operate mortuary science business); House Bill 1341 (2004) (same). The *Page 115 
Legislature's refusal to amend a statute is not necessarily determinative of the legislative intent in originally enacting the law. However, in circumstances such as these where the statute does not otherwise contemplate licensure of LLCs and the LLC Act omits mortuary science services from the list of professional services that may be provided through an LLC, the rejection of these proposals supports the conclusion that the General Assembly has elected not to extend mortician licenses to LLCs. Comptroller v. Clyde's of Chevy Chase, Inc.,377 Md. 471, 502-6, 833 A.2d 1014 (2003).
Finally, the LLC Act itself does not confer authority to conduct a mortuary science business on an LLC. While the LLC Act authorizes LLCs to render "professional services," that authorization is qualified by the proviso "[u]nless otherwise provided by law or [the LLC's] articles of incorporation. . . ." CA § 4A-203. Thus, the LLC Act does not purport to override any restrictions in the Morticians Act. It is also notable that morticians and mortuary science services are not among the "professional services" listed in the LLC Act.[9]
Reasonable arguments can be made that the restrictions on the operation of mortuary science businesses by corporations and LLCs reduces competition in price and quality of services without any countervailing benefit to the public.[10] See Letter of Federal Trade Commission Staff to Delegate Joanne C. Benson concerning House Bill 795 (April 2, 2004) (arguing that elimination of restrictions on corporate ownership of funeral homes in Maryland would likely benefit the public). However, it is the Legislature's role to weigh those arguments, and whatever opposing arguments may be offered *Page 116 
in support of the status quo. To date, the Legislature has not chosen to extend the authority to operate funeral homes to LLCs.
 III Conclusion
While the policies underlying the restrictions on the ownership and licensing of mortuary science businesses in Maryland may be open to criticism as to whether they continue to benefit the public, we must construe the statute in accordance with the apparent legislative intent. In our opinion, the General Assembly has not authorized the Board of Morticians to approve the transfer of a mortician license to an LLC, regardless of the identity of the members of the LLC. Nor does the Morticians Act permit an unlicensed LLC to conduct a mortuary science business through licensed individuals.
 J. Joseph Curran, Jr. Attorney General
 Robert N. McDonald Chief Counsel Opinions Advice
[1] The practice of mortuary science and the practice of funeral direction both include the operation of a funeral establishment and the arrangement, for compensation, of the final disposition of a dead human body. HO § 7-101(p), (q). The practice of mortuary science also includes "for compensation, [the preparation of] a dead human body for disposition, including disinfecting or preserving a dead human body or any of its parts by arterial or cavity injection." HO § 7-101(q)(ii).
[2] Those licenses include: an apprentice license for an individual who meets certain academic and experience requirements and is sponsored by a licensed mortician (HO § 7-306); a funeral director license for an individual who has qualified for, and has continuously held, such a license since May 2, 1973 (HO § 7-307); a surviving spouse license that allows the surviving spouse of a licensed mortician to continue the business under the supervision of another licensed mortician (HO § 7-308); an executor's license that allows the personal representative of a deceased mortician's estate to continue the operation of a mortuary science business (HO § 7-308.1); and a "courtesy card" that allows licensed practitioners in other states to remove a body from Maryland, to return a body to Maryland, and to carry out certain related activities (HO § 7-311).
[3] In the Morticians Act, the term "corporation" is defined not to include a professional corporation or professional association. HO § 7-101(e)(2). Thus, the restrictions on the issuance of a corporation license do not apply to a professional corporation.
[4] Among other things, an applicant for a mortician license have a degree in mortuary science, complete an apprenticeship, and written examinations. HO § 7-303(b).
[5] The same conclusion would pertain to a funeral establishment license, as one of the conditions for granting such a license is that the establishment is owned and operated by at least one individual or corporate licensee.
[6] Cf. 72 Opinions of the Attorney General 141 (1987) (Morticians Act bars unlicensed persons from soliciting or offering contracts for funeral goods or services).
[7] The Morticians Act reinforces that restriction. HO § 7-402(a) ("One or more morticians may practice mortuary science as a professional association").
[8] Thus, even if a licensed mortician happens to be the only member of an LLC, nothing in the LLC Act would prevent that individual from conveying that interest to an unlicensed person.
[9] The LLC Act provides a mechanism for a partnership or sole proprietorship to convert to an LLC. CA §§ 4A-211, 4A-212. However, an LLC created in that manner has no greater authority to conduct a mortuary service business than one created anew.
[10] You have not asked, and we do not address, whether the restrictions on licensure of entities in this context raises antitrust concerns. We note that, twenty years ago, the Antitrust Division of this Office conducted a review of the law, regulations, and regulatory practices governing mortician licenses and did not suggest that the restriction on corporate licenses was problematic, presumably because it is clearly set forth in the statute. See Report on the Maryland StateBoard of Morticians (August 27, 1985). *Page 117